James F. Haydon, et al., v. Bamberger, Bloom, et al.

**Recording Deeds—Taxes Paid Thereon.**
> A deed is invalid as against creditors unless acknowledged or proved according to law and lodged for record and recorded in the clerk's office. No deed shall be held to be legally lodged for record until the tax is paid thereon.

**Fees Paid.**
> Until the fees are paid for recording a deed it is not legally lodged for record, even though left with the clerk, but where the clerk actually records a deed upon which the fees have not been paid it is valid as against purchasers and creditors from the date it was recorded.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 9, 1875.

Opinion by Judge Peters:

Sec. 31, Chap. 24, General Statutes, p. 261, provides that no deed shall be held to be legally lodged for record until the tax be paid thereon.

Sec. 9 of the same chapter provides that "all deeds and mortgages and other instruments of writing, which are required by law

to be recorded, to be effectual against purchasers without notice, or creditors, shall be recorded in the clerk's office of the court of the county in which the property conveyed, or the greater part thereof, shall be."

Sec. 10. "No deed of trust or mortgage, conveying a legal or equitable title to real or personal estate, shall be valid against a purchaser for a valuable consideration without notice thereof, or against creditors until such deed shall be acknowledged or proved according to law, and lodged for record."

Sec. 11. "All bona fide deeds of trust or mortgage shall take effect in the order that the same shall be legally acknowledged or proved, or lodged for record."

The deed of mortgage, which is the subject of litigation in this case, was executed and acknowledged by the grantor on the 21st of July, 1873, and lodged with the clerk on that day for record. It was actually recorded on the 30th of July, 1873, and the tax was not paid until the 21st of April, 1874. By the provision of the statute cited, it was not legally lodged for record until the tax was paid; that is, it could not be valid against purchasers for a valuable consideration without notice, or creditors, until it was acknowledged or proved according to law, and lodged for record, that is, legally lodged; and that could not be done until the tax was paid. The acknowledgment and lodgment of the mortgage with the proper clerk did not operate as constructive notice of its existence to purchasers and creditors until the tax was paid; but upon the payment of the tax it would be effectual from the date of such payment, although the instrument was only lodged with the proper officer for record, and not actually recorded.

If, however, the instrument is acknowledged, and left with the clerk for record, and he actually records it, although he has not received the tax, he thereby becomes responsible himself for the tax, and the instrument would have the same effect from the date of the recording of it as it would have had if the tax had been paid on that day. There is a difference between the lodgment of a deed of trust or mortgage for record, and the actual record of such instruments. In the one case, purchasers and creditors are not held to notice until the tax is paid; in the other case, they are charged with notice from the day the instrument is recorded. In this case, as the tax was not paid until after the mortgage was recorded, and the suit was brought within six months after its registration, it was not barred.

It appears that Penn and T. F. Haydon were bound as the sureties of C. B. Haydon for large sums of money; and to secure their original loss on account of said suretyship, said C. B. Haydon executed a mortgage to them on a house and lot at Peak's Mill, and his half of a growing crop of corn and tobacco; and this suit was brought by the creditors of C. B. Haydon and Brother, a late firm trading under that name for a distribution of the mortgaged property, under Art. 2, Chap. 34, General Statutes.

There can be no doubt that the debts on which T. F. Haydon and Penn were bound, and for which C. B. Haydon attempted to secure them by said mortgage, were pre-existing, and the deed was made in contemplation of insolvency and to prefer the mortgagees over the creditors.

The refusal of the court below to permit James F. Haydon and C. B. Haydon to file amended answers, does not seem to have been excepted to; and the error, if any existed, was waived.

The homestead right of the mortgagor and family is protected by the judgment of the court. Nor do we perceive that appellants are prejudiced by the directions given by the court below to the master.

As, therefore, no error is perceived prejudicial to appellants, the judgment is *affirmed*.

*Herd & Trabue, for appellants. J. W. Rodman, for appellees.*